UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

HOMETOWN BOYS, LLC, an Oregon limited
liability company,

        Plaintiff,

    v.

CITY OF OREGON CITY, a municipal
corporation,

        Defendant.

Case No. 3:13-cv-0301-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## INTRODUCTION

This case involves a dispute over maintenance of a public water line between plaintiff, Hometown Boys, LLC ("Hometown Boys"), and defendant, the City of Oregon City ("Oregon City"). On February 6, 2013, Hometown Boys filed a Complaint in Clackamas County Circuit Court for the State of Oregon, Case No. CV13020146, asserting state law claims for Wrongful Termination of Utility Services (First Claim), Inverse Condemnation (Third Claim), Breach of Contract (Fourth Claim), Promissory Estoppel (Fifth Claim), Negligence (Sixth Claim), Nuisance (Seventh Claim), Injunctive Relief (Eighth Claim), and Declaratory Relief (Ninth Claim), as well as a federal Civil Rights Takings Claim (Second Claim). On February 20, 2013, Oregon City timely removed the case to this court, pursuant to 28 USC §§ 1441 and 1446,

1 – OPINION AND ORDER

asserting federal question jurisdiction under 28 USC § 1331.  On March 7, 2013, Oregon City filed an answer and alleged five counterclaims, three of which are compulsory counterclaims relating to Hometown Boys' federal claim.  All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

Currently before the court are Hometown Boys' Motion to Amend (docket #10) and Motion to Remand (docket #11).  For the reasons set forth below, both motions are GRANTED.

## DISCUSSION

Since it prefers to litigate this action in state court, Hometown Boys seeks to amend the Complaint by deleting the federal claim which will then remove any barrier to remand.  Oregon City opposes both motions and, if either motion is granted, requests dismissal of the federal claim with prejudice and entry of a judgment in its favor.  Oregon City also requests an award of attorney fees and expenses incurred to remove this action and oppose amendment and remand.

### I.     **Motion to Amend**

Under FRCP 15(a), once a defendant has filed a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Deciding whether to grant leave to amend, the Supreme Court has offered the following guidance:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 US 178, 182 (1962).

Of these factors, consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F3d 1048, 1052 (9th Cir 2003). Whether to grant leave to amend lies within the sound discretion of the trial court. *United States v. Webb*, 655 F2d 977, 979 (9th Cir 1981). In exercising this discretion, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id*.

Oregon City contends that it would be unfairly prejudiced if Hometown Boys is permitted to split its federal and state claims which would potentially result in duplicate litigation and force Oregon City to defend two lawsuits arising under the same facts. However, Hometown Boys is not seeking to split one action into two actions. Instead, it merely wants to drop the federal claim and proceed only in state court. Eliminating the federal claim would leave one action comprised only of state claims. Permitting such an amendment would actually benefit Oregon City, not prejudice it. *See Duong-Tran v. Kaiser Found. Health Plan of the NW*, Civil No. 08-120-AC, 2008 WL 1909221, at *4 (D Or April 28, 2008). To the extent that Oregon City fears a second lawsuit asserting the dismissed federal takings claim, this is not the type of prejudice that precludes the court from otherwise granting leave to amend. *Mechmetals Corp. v. Telex Computer Prods., Inc.*, 709 F2d 1287, 1294 (9th Cir 1983).

Oregon City also argues that amendment will unduly delay resolution of its counterclaims. Oregon City does not elaborate on how such a delay will be prejudicial. Because three of the five counterclaims are compulsory counterclaims relating to Hometown Boys' federal takings claim, the amendment would presumably render them moot. Dismissal of the federal takings claim would streamline resolution of the remaining related state claims and counterclaims. While it is true that the counterclaims related to the federal takings claim would

not be resolved, this is not enough to weigh against FRCP 15(a)'s directive that "leave shall be freely given when justice so requires."

Finally, Oregon City argues that Hometown Boys should not be permitted to amend to eliminate a federal claim in order to improperly manipulate the forum. In support, it cites the Supreme Court's statement that "forum manipulation concerns are legitimate and serious." *Carnegie-Mellon Univ. v. Cohill*, 458 US 343, 356 n12 (1898). However, there is no evidence that Hometown Boys is acting in bad faith merely by seeking to dismiss a federal claim in order to remain in state court. The Ninth Circuit has rejected that argument in a very similar case, explaining:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

*Baddie v. Berkeley Farms, Inc.*, 64 F3d 487, 491 (9th Cir 1995).

Other district courts have permitted plaintiffs to amend a removed complaint in order to eliminate federal claims. *See Chinn v. Belfer*, Civil No. 02-0131-ST, 2002 WL 31474189, at *7 (D Or June 19, 2009) (citing cases).

In sum, Oregon City has failed to establish that it will suffer undue prejudice or delay if this court were to permit Hometown Boys to amend its Complaint to eliminate the federal claim. In light of the policy of FRCP 15 favoring amendment with "extreme liberality," Hometown

Boys' motion for leave to file an amended complaint is granted. *See e.g., Morongo Band of Mission Indians v. Rose*, 893 F2d 1074, 1079 (9th Cir 1990).

## II.     Motion to Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 USC § 1447(c).  When the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts have discretion to remand the remaining state claims. *Harrell v. 20th Century Ins. Co.*, 934 F2d 203, 205 (9th Cir 1991).  When no federal claims remain, district courts should consider judicial economy, convenience, fairness, and comity, in considering whether to remand. *Carnegie-Mellon*, 484 US at 357.  However, "it is generally preferable for a district court to remand remaining pendant claims to state court." *Harrell*, 934 F2d at 205.

Hometown Boys moves for remand of this case on the basis of judicial economy, convenience, fairness, and comity.  Oregon City opposes remand on the grounds that Hometown Boys is engaging in improper forum manipulation and has filed counterclaims related to the federal takings claim which should be resolved by this court.  These are largely the same arguments made in opposition to the motion to amend.

Both sides acknowledge that the decision to remand a properly removed action, such as this one, is within the discretion of the court.  Even where federal claims are dismissed or eliminated from a properly removed action, the district court has the discretion to retain jurisdiction over the supplemental state-law claims. *See e.g., Millar v. Bay Area Rapid Transit Dist.*, 236 F Supp2d 1110, 1116 (ND Cal 2002).  However, "[t]he Supreme Court has stated and [the Ninth Circuit has] often repeated, that 'in the usual case in which all federal-law claims are

5 – OPINION AND ORDER

eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assocs., Inc.*, 114 F3d, 999, 1001 (9th Cir 1997), quoting *Carnegie-Mellon*, 484 US at 350 n7.  When deciding whether to exercise supplemental jurisdiction over state-law claims in such an instance, the court's analysis "is informed by the . . . values of economy, convenience, fairness, and comity." *Id* (citation omitted).

First, with regard to judicial economy, this court has not yet invested significant resources in the case.  Since the Notice of Removal was filed on February 20, 2013, this court has only conducted one telephone scheduling conference, and the only pleadings filed to date have been Oregon City's Answer (and a motion to extend time for filing the Answer), Hometown Boys' Answer to the Counterclaims, the FRCP 26(a) Agreement, and the current motions.  This court has not yet invested significant time or resources in this case.  Thus, this factor favors remand.

Principles of comity also favor remand.  This litigation centers upon a dispute over maintenance of a public water line located in Clackamas County, Oregon.  With amendment of the Complaint to dismiss the federal takings claim, all the claims are brought under and will be resolved by Oregon law.  Moreover, two other associated cases are pending in Clackamas County Circuit Court[1] which involve the same or similar issues as those presented by this case.  In those cases, Hometown Boys and West Coast Bank (which holds the mortgage to the apartment complex owned by Hometown Boys) are suing the owner of an uphill apartment complex who allegedly diverted water which caused the failure of the Oregon City water line.

---

[1] Those cases are *Hometown Boys LLC v. Christi Alvarez as Personal Representative for the Estate of Marc Stephen Whybra (deceased)*, Clackamas County Circuit Court, Case No. CV12120421, and *West Coast Bank v. Christi Alvarez as Personal Representative for the Estate of Marc Stephen Whybra (deceased)*, Clackamas County Circuit Court, Case No. CV13010224.

The failure of this water line, and the related issue of who is responsible for maintaining it, is subject of this case.  Consequently, Clackamas County Circuit Court, where this case was originally filed and the two other related lawsuits are pending, is the best forum for these issues to be resolved.

As for the final factors of fairness and convenience, both the state and federal courts provide a fair and convenient forum.  To the extent that Oregon City contends that Hometown Boys' alleged forum manipulation is unfair, that argument is rejected as discussed above, since the pleading practice at issue is a "legitimate tactical decision."  *Baddie*, 64 F3d at 491; *see also Duong-Tran*, 2008 WL 1909221, at *6-7.  Clackamas County is geographically near this court, rendering the convenience factor moot.  Thus, on balance, the fairness and convenience factors neither weigh for nor against remand.

Because principles of judicial economy and fairness favor remand, and no factors weigh against it, this case should be remanded to state court.  After Hometown Boys files its Amended Complaint eliminating the federal claim, this court is divested of subject matter jurisdiction.  Because no other reasons support the exercise of supplemental jurisdiction over the pendent state claims, this case will be remanded back to state court.

### III.   Dismissal with Prejudice

Oregon City requests dismissal of the federal claim with prejudice and entry of judgment in its favor on that claim.  However, Oregon City provides no further argument or legal support for this request and appears to overlook the fact that Hometown Boys has not filed a motion to dismiss pursuant to FRCP 41(a)(2).  Even assuming that such a motion had been filed, Oregon City has not established that it will suffer some legal prejudice as a result of the dismissal of the federal claim, beyond the prospect of a second lawsuit or its vague assertion that Hometown

Boys is gaining some kind of tactical advantage by keeping its claims in state court. This is not enough to establish plain legal prejudice. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F2d 143, 145 (9th Cir 1982) ("Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage."); *see also Bonner v. Union Pac. Flexible Benefits Program*, Civil No. 09-364-SU, 2010 WL 3199943, at *1 (D Or July 20, 2010). Thus, this Court declines to dismiss the federal claim with prejudice or otherwise enter judgment in Oregon City's favor.

### IV.    Attorney Fees

Pursuant to FRCP 15 and 28 USC §1447(c), Oregon City seeks an award of its attorney fees and expenses incurred in securing removal and in opposing the amendment.

Oregon City provides almost no argument under FRCP 15 and cites only to one Ninth Circuit case which concluded that a district court may "impose costs pursuant to Rule 15 as a condition of granting leave to amend." *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F3d 1500, 1514 (9th Cir 1995), *cert denied*, 516 US 1146 (1996). In that case, the court noted that FRCP 15 permits costs and fees "in order to compensate the opposing party for additional costs incurred because the original pleading was faulty." *Id*. This is not the situation here. Rather, Oregon City seems to be seeking costs associated with the amendment based on Hometown Boys' alleged manipulative pleading practices. However, as discussed above, Hometown Boys has not engaged in such manipulation. Oregon City has failed to provide any other rationale or authority to support its request for fees pursuant to FRCP 15.

Oregon City also seeks attorney fees and costs pursuant to 28 USC §1447(c) which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Oregon City acknowledges that this

8 – OPINION AND ORDER

provision is generally applied to compensate a plaintiff when an action has been wrongfully removed to federal court, not to compensate a defendant where the action was properly removed but the court has exercised its discretion to remand after the federal claims are dropped or otherwise dismissed. *See Baddie*, 64 F3d at 490 ("§1447(c) does not authorize an award of costs or fees when the initial removal was proper."). Instead, Oregon City argues that it should be awarded fees because Hometown Boys seeks to avoid litigating in federal court. However, as discussed above, the circumstances here present a "legitimate tactical decision." *Id* at 491. In *Baddie*, the Ninth Circuit reversed the district court's award of attorney fees to a defendant in a very similar situation, noting that:

> it would be an abuse of discretion . . . to penalize plaintiffs who, knowing that a state court forum is more important to them than their federal claims, nevertheless plead both state and federal claims in state court, with the intent to dismiss federal claims later to avoid federal court if the defendant removes.

*Id* at 490.

Here, as in *Baddie*, shortly after removal, Hometown Boys promptly moved to amend its Complaint to drop the federal claim and moved for remand based on a preference for the state court forum over the federal claim. Nothing in the record to indicates that this is manipulative or otherwise improper. Consequently, Oregon City is not entitled to recover its attorney fees associated with the remand.

///

///

///

///

///

///

9 – OPINION AND ORDER

**ORDER**

For the reasons discussed above, Hometown Boys' Motion for Leave to File an Amended Complaint (docket #10) and Motion To Remand (docket #11) are GRANTED.  Hometown Boys is directed to file its Amended Complaint by June 11, 2013, after which this case will be REMANDED to the Clackamas County Circuit Court for the State of Oregon.  In addition, Oregon City's request for an award of attorney fees and costs is DENIED.

DATED  May 28, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
